**Fried, Frank, Harris, Shriver & Jacobson LLP**                              **FRIED FRANK**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

Direct Line: +1.212.859.8026
Email: william.mcguinness@friedfrank.com

November 13, 2018

**VIA ECF**

The Honorable Robert N. Chatigny
United States Courthouse
450 Main Street - Room 228
Hartford, Connecticut 06103

Re:   *Derrer v. DeFeo, et al. (Terex)*, Case No. 3:10-cv-00550-RNC

Dear Judge Chatigny,

On behalf of the Defendants in the above-referenced putative shareholder derivative action, we write to respectfully request that the Court dismiss this case with prejudice because a full 60 days have elapsed since Plaintiff's counsel issued its initial press release soliciting a current shareholder of Terex Corporation ("Terex") stock willing to intervene as a representative plaintiff.

As the Court is aware, the parties submitted a joint status report on August 30, 2018 apprising the Court that the sole named plaintiff no longer owns any Terex stock and thus is not a suitable named plaintiff. While we took the position that the case should be dismissed because there was no live action at that time, Plaintiff's counsel—acknowledging that well-established law mandates that the case cannot stand without a representative plaintiff[1]—requested sixty (60) days from the issuance of a press release seeking a Terex shareholder to move to intervene in order to substitute in a representative plaintiff.

As we previously apprised the Court in an October 17, 2018 letter, Plaintiff's counsel issued a press release on September 12, 2018 inviting "[c]oncerned shareholders who would like more information about their rights and potential remedies" to contact them. It has now been a full sixty (60) days since that press release was issued, and Plaintiff's counsel has not presented

---

[1]   *See, e.g., Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010) (standing requires ""the plaintiff retain ownership of the stock for the duration of the lawsuit"" (quoting *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983))); *accord Teran v. GB Int'l, S.P.A.*, 652 F. App'x 660, 670-71 (10th Cir. 2016) ("To maintain a derivative suit [under Fed. R. Civ. P. 23.1], a shareholder must own shares … throughout the litigation." (citations omitted)); *Hull v. Viega, Inc.*, 2014 U.S. Dist. LEXIS 28711, at *13 (D. Kan. Mar. 6, 2014) ("A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.").

Fried, Frank, Harris, Shriver & Jacobson LLP

The Honorable Robert N. Chatigny  November 13, 2018
Page 2

to the Court any Terex shareholder willing to be substituted in as a named plaintiff in this action. Moreover, Plaintiff's counsel has failed to attract a new plaintiff despite its issuance of yet an additional press release on September 26, 2018.

    Against this backdrop, it is time to end this nearly decade-old case. It would be inequitable to deny the Defendants the finality guaranteed by the statute of limitations and statutes of repose periods that, as Plaintiff's counsel has acknowledged, have long expired. Accordingly, we respectfully request that the Court issue an order dismissing this case with prejudice.

Respectfully submitted,

William G. McGuinness (ct08598)

17815397