UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| PETER DERRER, Derivatively on Behalf of TEREX CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD M. DEFEO, PHILLIP C. WIDMAN, THOMAS J. RIORDAN, G. CHRIS ANDERSEN, DONALD P. JACOBS, DAVID A. SACHS, WILLIAM H. FIKE, DONALD DEFOSSET, HELGE H. WEHMEIER, PAULA H.J. CHOLMONDELEY, OREN G. SHAFFER, THOMAS J. HANSEN, and DAVID C. WANG, <br><br> Defendants, <br><br> and <br><br> TEREX CORPORATION, a Delaware corporation, <br><br> Nominal Defendant. | Case No.: 3:10-cv-00550-RNC <br><br> DERIVATIVE ACTION <br><br> ~~EXHIBIT B~~ |

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING STOCKHOLDER DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT

WHEREAS, (a) the Vladimir Gusinsky Revocable Trust (the "Trust" or the "Plaintiff"), plaintiff in the above-captioned derivative action (the "Action"); (b) defendants Ronald M. DeFeo, Phillip C. Widman, Thomas J. Riordan, G. Chris Andersen, Donald P. Jacobs, David A. Sachs, William H. Fike, Donald DeFosset, Helge H. Wehmeier, Paula H.J. Cholmondeley, Oren G. Shaffer, Thomas J. Hansen, and David C. Wang (the "Individual Defendants"); and (c) nominal defendant Terex Corporation ("Terex" or the "Company"), have entered into a Stipulation and Agreement of Settlement, dated as of July 31, 2019 (the "Stipulation") that sets forth the terms and

conditions for the proposed settlement and dismissal with prejudice of the Action (the "Settlement"), subject to review and approval by this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and upon notice to Terex stockholders;

WHEREAS, in connection with the Stipulation, and solely for purposes of effectuating the Settlement, the Plaintiff and Defendants have agreed to the substitution of the Trust as the plaintiff in this action, and the Trust shall serve as the representative plaintiff in connection with the Settlement;

WHEREAS, Plaintiff has made an application, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Terex stockholders; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation, and unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation.

NOW, upon review and consideration of the Stipulation filed with the Court and the Exhibits attached thereto, and Plaintiff's motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith:

IT IS HEREBY ORDERED:

1. The Vladimir Gusinsky Revocable Trust is hereby substituted in as the representative plaintiff in this action for purposes of effectuating the Settlement.

2. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to Terex and Terex's stockholders, subject to further consideration at the Settlement Hearing to be conducted as described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on October 21, 2019, at 10:00 AM, [a date that is at least 70 calendar days from the date of this Preliminary Approval Order] at the United States Courthouse, North Courtroom, 450 Main Street, Hartford, Connecticut 06103, to: (a) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation, including the agreed-to amount of attorneys' fees and expenses to be paid to Plaintiff's Counsel, is fair, reasonable, and adequate and in the best interest of the Company and its stockholders, (b) determine whether the Court should finally approve the Settlement and enter a Final Order and Judgment ("Judgment") as provided in the Stipulation, dismissing the Action with prejudice and extinguishing and releasing the Released Claims; (c) hear and determine any objections to the proposed Settlement; and (d) rule on other such matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the date of the Settlement Hearing and to modify any other dates set forth herein without further notice to the Company's stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

5. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Company's stockholders.

6. The Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Notice"), and Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear ("Summary Notice"), annexed as Exhibits C and D to the Stipulation, respectively, and finds that the disclosure of the terms of Settlement and distribution of the Notice substantially in the manner and form set forth in this

Order and pursuant to paragraph 10 of the Stipulation meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution (including the due process clause), and any other applicable law, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

7. No later than fourteen (14) business days after entry of this Preliminary Approval Order, (a) the Company shall: (i) disclose the terms of the Settlement through the filing of a Form 8-K with the SEC, which filing shall include a copy of the Notice and the Stipulation; (ii) publish the Summary Notice once in *Investor's Business Daily*; and (iii) post the Notice and the Stipulation on Terex's corporate website, which documents shall remain posted on Terex's corporate website through the Effective Date of the Settlement; and (b) Plaintiff's Counsel shall post the Notice and the Stipulation on their respective websites. All costs incurred in disseminating the Notice and Summary Notice in accordance with paragraph 6(a) shall be paid by the Company (directly or through its insurers), and in no event shall Plaintiff or Plaintiff's Counsel be responsible for any notice costs or expenses, except any costs or expenses incurred in disseminating the Notice in accordance with paragraph 6(b) above.

8. At least ten (10) calendar days prior to the Settlement Hearing, counsel for the Company shall file with the Court appropriate proof of compliance with the Notice procedures set forth in this Order.

9. Any Persons who hold of record, or beneficially own, shares of Terex stock as of the close of business on the date of execution of the Stipulation ("Terex Stockholders") who continue to hold shares of Terex stock as of the date of the Settlement Hearing may file a written objection to the proposed Settlement and appear and show cause, if he, she, or it has any cause, why the proposed Settlement should not be approved; provided, however, that, unless otherwise

directed by the Court for good cause shown, no such Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement unless that Person has filed a written objection with the Clerk of the Court and served (by hand, first class mail, or express service) copies of such objection on Plaintiff's Counsel, Shane P. Sanders, Robbins Arroyo LLP, 5040 Shoreham Place, San Diego, California 92122, and Defendants' Counsel, Israel David and Michael A. Kleinman, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza 10004, no later than twenty-one (21) calendar days prior to the Settlement Hearing.

10. Any objections, filings, and other submissions: (a) must state the name, address and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Terex common stock as of July 31, 2019 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing. Documentation establishing ownership of Terex common stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

11. Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have waived and forfeited his, her,

or its right to object to any aspect of the proposed Settlement; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or the Judgment to be entered approving the Settlement; and (c) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement.

12. All Terex Stockholders, and any other persons owning shares of Terex stock as of the date of the Settlement Hearing, shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to stockholders. If the Court approves the Settlement, all Terex Stockholders will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court affecting the Terex Stockholders.

13. Plaintiff's motion for final approval of the Settlement shall be filed and served no later than forty-five (45) calendar days prior to the Settlement Hearing. Reply papers in response to any objections (if any) and/or in support of the Settlement shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

14. Neither this Order, the Settlement, the Stipulation, nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession or admission by: (a) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action or other issues that were, might be, or have been raised in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiff as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.

15. Pending final determination of whether the Settlement should be approved, none of the Company, Plaintiff, Terex Stockholders, or anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts Released Claims against the Defendants or the Released Defendants.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of this Order or the Stipulation.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: August 7, 2019

/s/ Honorable Robert N. Chatigny
THE HONORABLE ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

1358574