UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| VLADIMIR GUSINSKY REVOCABLE TRUST, Derivatively on Behalf of TEREX CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD M. DEFEO, PHILLIP C. WIDMAN, THOMAS J. RIORDAN, G. CHRIS ANDERSEN, DONALD P. JACOBS, DAVID A. SACHS, WILLIAM H. FIKE, DONALD DEFOSSET, HELGE H. WEHMEIER, PAULA H.J. CHOLMONDELEY, OREN G. SHAFFER, THOMAS J. HANSEN, and DAVID C. WANG,<br><br>Defendants,<br><br>and<br><br>TEREX CORPORATION, a Delaware corporation,<br><br>Nominal Defendant. | Case No.: 3:10-cv-00550-RNC<br><br>DERIVATIVE ACTION |

## **FINAL ORDER AND JUDGMENT**

This matter came before the Court for hearing pursuant to an Order of this Court, dated August 7, 2019 (the "Preliminary Approval Order"), on the application of Plaintiff for final approval of the proposed Settlement set forth in the Stipulation and Agreement of Settlement, dated as of July 31, 2019 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and evidence in support of the proposed Settlement, and attorneys for the respective

Parties having been heard, and an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and all terms used in this Judgment and not otherwise defined herein shall have the same meanings set forth in the Stipulation and/or Preliminary Approval Order.

2. For purposes of effectuating the Settlement, the Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), and over all Parties to the Action, including all stockholders of Terex Corporation ("Terex" or the "Company").

3. The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Terex stockholders of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) the agreed-to amount of attorneys' fees and expenses to be paid to Plaintiff's Counsel, (iv) their right to object to any aspect of the Settlement, including the agreed-to Fee and Expense Amount, and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Terex and its stockholders. This Court further finds the Settlement is the result of arm's-length negotiations between

experienced counsel representing the interests of Plaintiff, Defendants, Terex, and its stockholders. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Settlement.

5. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation or in the Judgment.

6. Upon the Effective Date, Plaintiff and each and every other Terex Stockholder (or former stockholder), derivatively on behalf of Terex, and Terex directly, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff's Claims against the Released Defendants and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Defendants, and shall be forever enjoined from prosecuting the Released Plaintiff's Claims.

7. Upon the Effective Date, Defendants, Terex, and each of the other Released Defendants shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendants' Claims against the Released Plaintiff and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the prosecution, settlement, or resolution of the Action against the Released Plaintiff, and shall be forever enjoined from prosecuting the Released Defendants' Claims.

8. Notwithstanding paragraphs 6-7 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. The Court hereby approves the agreed-to Fee and Expense Amount of $350,000, in accordance with the Stipulation, and finds that it is fair and reasonable. Payment shall be made to Plaintiff's Counsel by Defendants (through their insurers) in accordance with the Stipulation.

10. Any appeal of or challenge affecting this Court's orders regarding the attorneys' fees and expenses to be paid to Plaintiff's Counsel shall be considered separate from the Court's final approval of the Settlement, and shall in no way disturb or affect the finality of the Judgment finally approving the Settlement.

11. Neither this Judgment, the Settlement, the Stipulation, nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession or admission by: (a) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action or other issues that were, might be, or have been raised in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiff as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.

12. Notwithstanding paragraph 11 above, any of the Released Persons may file this Judgment or the Stipulation or any other order of the Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. In addition, nothing contained in paragraph 11 above shall prevent the Settlement and this Judgment (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to enforce or otherwise effectuate the Settlement (or any agreement or order relating thereto) or this Judgment.

13. The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties and Terex stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement.

16. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Company and its stockholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: October 21, 2019

/s/ Honorable Robert N. Chatigny
THE HONORABLE ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE